IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

ALLEN RANSOM, JR., et al.,

    Plaintiffs,

v.    Case No.: GJH-15-1647

NATIONSTAR MORTGAGE LLC, et al.,

    Defendants.

**MEMORANDUM OPINION**

On April 20, 2015, Plaintiffs Allen Ransom, Jr. and Brenda B. Ransom (collectively, "Plaintiffs") initiated the above-titled pro se action to quiet title against Defendants Nationstar Mortgage LLC ("Nationstar")[1] and EquiHome Mortgage, Corporation ("EquiHome") (collectively, "Defendants"). *See* ECF No. 2. This Memorandum Opinion and accompanying Order address Defendants' unopposed Motion to Dismiss, ECF No. 13, and Plaintiffs' Motion to Dismiss Illegal Foreclosure for Lack of Standing, ECF No. 17. The time for a response to Defendants' Motion to Dismiss has expired and a hearing is unnecessary. *See* D. Md. Loc. R. 105.2(a) (2014); *see also* D. Md. Loc. R. 105.6 (2014). For the reasons stated herein, Nationstar's Motion to Dismiss is denied, and Plaintiffs' Motion is denied.

**I.    BACKGROUND**

Although the Complaint is largely unintelligible, it appears that Plaintiffs challenge the foreclosure of real property located at 10886 Moore Street, Waldorf, Maryland 20603 (the "Property"), which they allege they own. *See* ECF No. 2, 4. On April 20, 2015, Plaintiffs

---

[1] Plaintiffs name "Nationstar Mortgage" as a Defendant; however, there is no known legal entity by that name. The Clerk will be directed to amend the docket to reflect the correct name of the defendant.

initiated this pro se action against Defendants in the Circuit Court for Charles County, Maryland. *See* ECF Nos. 1 & 2. Although not labeled as such, Plaintiffs' Complaint appears to allege five causes of action: (1) an action to quiet title, (2) violation of the National Bank Act of 1864, (3) violation of the Fair Debt Collection Practices Act, (4) fraud, and (5) violations of the Uniform Commercial Code. *See* ECF No. 2. Additionally, Plaintiffs' Complaint requests an order: (1) declaring that they hold clear and clean title to the Property, (2) vacating the prior foreclosure of the Property, (3) requiring a Forensic Audit of the Promissory Note and Plaintiffs' signatures on same, and (4) declaring the assignment of the Deed of Trust as invalid and unenforceable against Plaintiffs. *See id.* at 2. A summons was issued by the Circuit Court for Charles County, Maryland as to Nationstar on April 22, 2015, addressed to "Nationstar Mortgage" at "350 Highland Dr. Lewisville, TX 75067." ECF No. 3. Although the docket in the state court proceeding appears to indicate that a summons was issued as to EquiHome, there is nothing on this Court's docket to suggest that EquiHome has been served in this action. *See Clarke v. Ransom*, No. 08-C-15-000996 (Charles Cty. Cir. Ct. April 22, 2015).

On June 5, 2015, Defendant Nationstar filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, 1446, removing the action to this Court on the basis of diversity jurisdiction. On July 2, 2015, Nationstar filed a Motion to Dismiss the Complaint for improper service of process under Fed. R. Civ. P. 12(b)(5) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *See* ECF 13-1. On July 6, 2015, the Court sent letters to each Plaintiff informing them of their right to file a response no later than July 20, 2015, and that, if they failed to respond, their claims could be dismissed. *See* ECF Nos. 15 & 16. No response was received by Plaintiffs prior to the July 20, 2015 due date. On July 24, 2015, Plaintiffs filed a Motion to Dismiss Illegal Foreclosure for Lack of Standing, which does not respond to

Nationstar's Motion to Dismiss, but rather appears to be an attempt by Plaintiffs to amend their complaint.[2] *See* ECF No. 17. Nationstar opposed Plaintiffs' Motion. ECF No. 18.

## II.   DISCUSSION

Nationstar has moved to dismiss Plaintiffs' Complaint for insufficient service of process and failure to state a claim upon which relief can be granted under Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil procedure, respectively. If service is contested under Rule 12(b)(5), the plaintiff "bears the burden of establishing [its] validity." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally." *Id.* But, the "plain requirements for the means of effecting service may not be ignored." *Id.* "When the court finds that service of process was insufficient but the defendant received actual notice of the claims against it, the court may treat a motion to dismiss as a motion to quash and thereby provide the plaintiff with reasonable opportunity to attempt to effect valid service of process on the defendant." *Jackson v. Early Warning*, No. PJM 15-1233, 2016 U.S. Dist. LEXIS 15150, at *3 (D. Md. Feb. 3, 2016) (citing *Vorhees v. Fischer & Krecke GmbH & Co.*, 697 F.2d 574, 576 (4th Cir. 1983)).

The Federal Rules require that a defendant be served with the complete pleading and a copy of the summons. Fed. R. Civ. P. 4(c). "In cases removed to federal court, state law determines whether service of process was properly effected prior to removal." *Trademark Remodeling, Inc. v. Rhines*, 853 F. Supp. 2d 532, 539 (D. Md. 2012) (quoting *Steverson v. HSBC Auto Fin., Inc.*, No. DKC-10-3119, 2011 U.S. Dist. LEXIS 30214, at *11 (D. Md. Mar. 23, 2011)); *see also* Fed. R. Civ. P. 4(e)(1) (An individual may be served by "following state law for

---

[2] For this reason, Plaintiffs' Motion will be denied. *See Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) aff'd, 141 F.3d 1162 (4th Cir. 1998) ("The plaintiff] is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint."). If Plaintiffs seek to amend their Complaint, they may do so with Defendants' consent or by filing a motion for leave to file an amended complaint with the Court. Fed. R. Civ. P. 15(a)(2).

serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."). Where, as here, the defendant is a Limited Liability Company ("LLC"), Maryland Rule 2-124(h) expressly provides that service is made by serving the LLC's "resident agent . . . [or] [i]f the limited liability company has no resident agent or if a good faith attempt to serve the resident agent has failed, service may be made upon any member or other person expressly or impliedly authorized to receive service of process." Md. R. 2-124(h) (2004). Maryland Rule 2-121(a)(3) authorizes service "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery—show to whom, date, address of delivery.'" Md. R. 2-121(a)(3) (2004).

Because Defendants have challenged the validity of service, the burden is on Plaintiffs to establish that service was valid. Here, Plaintiffs have not filed a response to Defendants' Motion to Dismiss for insufficient service of process, and Plaintiffs' Motion to Dismiss Illegal Foreclosure for Lack of Standing asserts neither that service of process was valid, nor that a good faith attempt to properly complete the service of process was made. *See* ECF No. 17. Accordingly, Plaintiffs have failed to meet their burden of establishing that service was valid. Moreover, there is nothing in the record suggesting that Plaintiffs' Complaint and summons were served on Nationstar's resident agent. Instead, Plaintiffs mailed, via certified mail, a copy of the Complaint and a Summons to: "Nationstar Mortgage, 350 Highland Drive, Lewisville, TX 75067."[3] *See* ECF No. 2-2. The documents were addressed to the attention of Nationstar's

---

[3] According to the Maryland Department of Assessments & Taxation, Nationstar's Resident Agent in Maryland is: CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, Maryland 21202. *See* ECF No. 13-1 at 6 n.6; *see also Charter Record Search*, Md. Dep't of Assessment & Tax'n, http://sdat.dat.maryland.gov/ucc-charter/Pages/CharterSearch/default.aspx (last visited Feb. 23, 2016).

"Legal" department. *See id.* Because it appears that Plaintiffs made no attempt to serve Nationstar's resident agent, service was invalid.

Defendant Nationstar did, however, have actual notice of the Complaint. Taking into consideration Plaintiffs' pro se status and Nationstar's receipt of actual notice of the Complaint, the Court will not dismiss the Complaint for ineffective service of process at this time. *See Gray v. Allied Waste Servs.*, No. RWT 11cv1612, 2012 U.S. Dist. LEXIS 95784, at *9 (D. Md. July 10, 2012) ("Because Plaintiff is pro se and Defendant received actual notice, dismissal for ineffective service of process is inappropriate at this stage."). However, because "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored," *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984), service on Nationstar must be quashed, and Nationstar's Motion to Dismiss for failure to state a claim upon which relief can be granted will be denied as moot. *See, e.g., Gray*, 2012 U.S. Dist. LEXIS 95784, at *9 (quashing service on defendant by pro se plaintiff, in lieu of dismissal, and denying motion to dismiss for failure to state a claim as moot "with leave to renew at such time after Plaintiff properly serves the Defendant").

### III.  CONCLUSION

For the foregoing reasons, service on Nationstar is **QUASHED**. Plaintiffs will be given fourteen (14) days to properly effect service on Nationstar.[4] Nationstar's Motion to Dismiss for insufficient service of process is **DENIED**, and its Motion to Dismiss for failure to estate a claim is also **DENIED**, without prejudice, as moot. Nationstar may renew its motion if, and when, it is properly served. Additionally, because there is nothing in the docket to indicate that EquiHome has been properly served, the Court will issue an order to show cause within fourteen (14) days

---

[4] Plaintiffs are reminded that, once service has been effectuated, proof of service must be made by the server's affidavit, pursuant to Fed. R. Civ. P. 4(l)(1).

of the Court's Order why the Complaint should not be dismissed as to EquiHome pursuant to Fed. R. Civ. P. 4(m). Plaintiffs' Motion to Dismiss Illegal Foreclosure Action for Lack of Standing is **DENIED**. A separate Order follows.

Dated: March 14, 2016

GEORGE J. HAZEL
United States District Judge