IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ALLEN RANSOM, JR. and BRENDA B. RANSOM, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. PX 15-1647 |
| NATIONSTAR MORTGAGE LLC and EQUIHOME MORTGAGE CORP., | * | |
| Defendants. | * | |

\*\*\*\*\*\*

**MEMORANDUM OPINION**

Pending is a motion to dismiss for failure to state a claim pursuant Fed. R. Civ. P. 8(a), 12(b)(1), 12(b)(5), and 12(b)(6) filed by Defendant Nationstar Mortgage, LLC. The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, the motion is granted in part and denied, as moot, in part.

**I.   BACKGROUND**

On June 26, 2006, Brenda Ransom executed an Adjustable Rate Note in the amount of $386,314.00 to Defendant EquiHome Mortgage Corporation ("EquiHome Mortgage"). ECF No. 29-5. The Note was secured by a Deed of Trust executed on the same date by Brenda and Allen Ransom ("Plaintiffs") to EquiHome Mortgage and which was recorded among the Land Records of Charles County, Maryland. ECF No. 29-6. The Deed of Trust, signed by Plaintiffs, named Mortgage Electronic Registration Systems, Inc. ("MERS") the beneficiary under the security interest as the nominee for EquiHome Mortgage, its successors, and assigns. ECF No. 29-6 at 2. In August 2013, MERS, executed and recorded a Corporate Assignment of Deed of Trust in the

Land Records of Charles County, Maryland, which granted all beneficial interest under the Deed of Trust to Defendant Nationstar Mortgage, LLC ("Nationstar"). ECF No. 29-7.

On February 19, 2014, Nationstar's substitute trustees filed a foreclosure action against Plaintiffs in the Circuit Court for Charles County. *See Clarke v. Ransom*, No. 08-C-14-000397. The substitute trustees sold the property on November 7, 2014 and filed a Report of Sale. ECF No. 29-11. The circuit court entered a final order ratifying the foreclosure sale on February 23, 2015. ECF No. 29-12.

Plaintiffs made numerous attempts to stop the foreclosure both before and after the Circuit Court's final order. On October 6, 2014, Plaintiffs filed an Emergency Motion to Dismiss the Foreclosure Proceeding in Circuit Court. ECF No. 29-9. Plaintiffs also filed an Application for Temporary Restraining Order on September 16, 2015, ECF No. 29-15, and on March 1, 2016, they filed a Motion to Immediately Dismiss Foreclosure/Eviction Proceedings for Bank Fraud. ECF No. 29-18. In each, Plaintiffs requested that the Circuit Court set aside its foreclosure decision. All of their motions were denied. *See* ECF Nos. 29-17, -18, -20.

On April 20, 2015, Plaintiffs initiated this pro se action against Nationstar and EquiHome Mortgage in the Charles County Circuit Court. *See* ECF Nos. 1, 2. Although not labeled as such, Plaintiffs sought an action to quiet title, claiming violation of the National Bank Act of 1864, the Fair Debt Collection Practices Act, fraud, and violations of the Uniform Commercial Code. *See* ECF No. 2. Additionally, Plaintiffs' Complaint requested that this Court declare that Plaintiffs hold clear and clean title to the Property, declare the assignment of the Deed of Trust as invalid and unenforceable against Plaintiffs, *and vacate the prior foreclosure decision*. *See id.* at 2.

A summons was issued by the Circuit Court for Charles County, Maryland as to Nationstar on April 22, 2015, addressed to "Nationstar Mortgage" at "350 Highland Dr.

Lewisville. TX 75067." ECF No. 3. Although the docket in the state court proceeding suggests that a summons was issued as to EquiHome Mortgage, nothing confirms that EquiHome Mortgage was served prior to removal. *See Ransom v. EquiHome Mortgage Corp.*, No. 08-C-15-000996.

On June 5, 2015, Defendant Nationstar filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to this Court based on diversity jurisdiction. ECF No. 1. On July 2, 2015, Nationstar filed its Motion to Dismiss the Complaint for improper service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *See* ECF 13-1. On March 14, 2016, the Court denied the motion in light of Plaintiff's pro se status, but instead quashed service on Nationstar to allow Plaintiffs the opportunity to effect proper service on the Defendants. ECF No. 21. The Court also ordered Plaintiffs' to show cause within fourteen (14) days of the issuance of that Order why the Complaint should not be dismissed as to EquiHome Mortgage pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *Id.*

On April 27, 2016, Plaintiffs attempted to serve Nationstar in the exact manner the Court had previously found deficient. They also attempted to serve EquiHome Mortgage by sending a copy of the Complaint and a summons to "EquiHome Mortgage Corporation, et al" at "150 Morristown Road Suit 101, Bernardsville, New Jersey, 07924." ECF No. 26. The Court notes that the Maryland Department of Assessments and Taxation lists EquiHome Mortgage's resident agent as "National Registered Agents, Inc. of Md." located at 836 Park Avenue, Baltimore, Maryland 21201,[1] and that EquiHome Mortgage is a forfeited business entity in Maryland. *Id.* Additionally, Plaintiffs never responded to the Court's April 27th show cause Order.

---

[1] *See* http://sdat.dat.maryland.gov/ucc-charter/Pages/CharterSearch/default.aspx.

On May 24, 2016, Nationstar renewed its motion to dismiss under Fed. R. Civ. P. 8(a), 12(b)(1), 12(b)(5), and 12(b)(5). ECF No. 29. Plaintiffs filed a Motion to Strike (ECF No. 29) and Nationstar responded to that motion. ECF No. 38. The parties have agreed that the Court should construe Plaintiffs' Motion to Strike as their opposition to Nationstar's motion to dismiss and Nationstar's response to the Motion to Strike as its reply to Plaintiffs' opposition. *See* ECF No. 41. For the following reasons, Nationstar's motion to dismiss is granted in part and denied as moot in part.

## II.   STANDARD OF REVIEW

Whether the Court retains subject matter jurisdiction remains a threshold matter properly addressed before reaching the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Moreover, the plaintiff bears the burden of proving that subject matter jurisdiction exists. *Id.*

## III.   ANALYSIS

### A.   *Rooker–Feldman* **and Subject Matter Jurisdiction**

This Court lacks subject matter jurisdiction to hear this suit under the *Rooker–Feldman* doctrine.[2] "The *Rooker–Feldman* doctrine is a jurisdictional rule providing that lower federal courts generally cannot review state court decisions." *Holliday Amusement Co. of Charleston v. State of S. Carolina*, 401 F.3d 534, 537 (4th Cir. 2005). To divest a federal court of jurisdiction, *Rooker–Feldman* requires the existence of four elements: "(1) the federal court plaintiff lost in

---

[2] So named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

state court; (2) the plaintiff complains of injuries caused by state-court judgments; (3) the state court judgment became final before the proceedings in federal court commenced; and (4) the federal plaintiff invit[es] district court review and rejection of those judgments." *Willner v. Frey*, 243 F. App'x 744, 746 (4th Cir. 2007) (relying on *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) (internal quotation marks omitted); *see also Lance v. Dennis*, 546 U.S. 459 (2006).

As the Fourth Circuit has recently reemphasized, the doctrine is "confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Thana v. Bd. of License Comm'rs for Charles Cnty., Md.*, 827 F.3d 314, 316 (4th Cir. 2016) (quoting *Lance*, 546 U.S. at 464 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005))) (internal quotation marks omitted). To underscore the narrow scope of the doctrine, "the Supreme Court has noted repeatedly that, since the decisions in *Rooker* and *Feldman*, it has never applied the doctrine to deprive a district court of subject matter jurisdiction," and, "since *Exxon*, [the Fourth Circuit has] never, in a published opinion, held that a district court lacked subject matter jurisdiction under the *Rooker–Feldman* doctrine." *Id.* Nonetheless, "[c]ourts have consistently applied the *Rooker–Feldman* doctrine to dismiss claims requesting federal district court review of a state court's eviction and foreclosure proceedings." *Sanders v. Cohn, Goldberg & Deutsch, LLC*, No. DKC 15-1571, 2016 WL 223040, at *4 (D. Md. Jan. 19, 2016) (internal quotations and citations omitted); *see id.* (listing cases).

Here, the Charles County Circuit Court fully and finally adjudicated the propriety of foreclosure and that case is no longer on appeal. Accordingly, two of the four *Rooker–Feldman*

prongs are satisfied. *See Coleman v. Countrywide Home Loan, Inc.*, 2010 WL 5055788, at *3 (D. Md. Dec. 3, 2010) (failure to file exception to foreclosure sale or take an appeal from Circuit Court's judgment ratifying foreclosure sale rendered ratification of sale a final judgment on the merits); *Gordon v. Nationstar Mortgage LLC*, No. CIV. RWT 14-1361, 2015 WL 5165453, at *1 n.6 (D. Md. Sept. 2, 2015) (noting that "most cases applying Maryland law identify ratification of the sale as the final judgment in a foreclosure action") (citing cases). Additionally, Plaintiffs complain in this case about the ramifications of the foreclosure suit and raise identical arguments to those it made in connection with the forfeiture proceedings. Plaintiffs more particularly ask this Court to vacate the prior foreclosure proceedings, arguing in this case that Nationstar's substitute trustees did not have standing to institute a foreclosure proceeding. Ruling in Plaintiffs favor, therefore, would overturn the state court's final Order ratifying the foreclosure sale.

Plaintiffs also repeatedly challenge the state court's decision to proceed with the foreclosure and sale in state court, and make the identical arguments raised in Charles County Circuit Court. For example, Plaintiffs' Emergency Motion to Dismiss the Foreclosure Proceeding filed with the Circuit Court on October 14, 2014 relied on the same legal theories being advanced here. *Compare, e.g.*, Complaint, ECF No. 2, *with* ECF No. 29-9 (arguing in both filings that Defendants are not holders of the original promissory note and thus have no standing to bring a foreclosure action). *After* the Circuit Court denied that motion and entered a final order ratifying the foreclosure sale, Plaintiffs then filed multiple motions for injunctive relief and for dismissal of the action. ECF No. 29-17. Throughout, Plaintiffs' arguments are both consistent and practically identical to the arguments Plaintiffs raise here. *Compare* Complaint, ECF No. 2, *with* ECF Nos. 29-9, -15, -18. At best, plaintiffs' claims are simply repackaged state claims attempting to assert violations of various federal statutes. *See Friedman's, Inc. v. Dunlap*, 290

F.3d 191, 196 (4th Cir. 2002) ("The label attached to the federal court action will rarely, if ever, be important, since a party that is seeking in federal court to re-adjudicate an issue decided in state court is unlikely to say so.") (affirming a district court decision dismissing claims based on the *Rooker–Feldman* doctrine). But cosmetic repackaging does not change the fact that Plaintiffs in this case seek to overturn a final state foreclosure decision on grounds previously litigated. Thus, because all four prongs of the *Rooker–Feldman* doctrine have been satisfied, this Court lacks subject matter jurisdiction over Plaintiffs' Complaint and must dismiss the action.

**IV.    CONCLUSION**

For the forgoing reasons, Nationstar's motion to dismiss will be granted under Fed. R. Civ. P. 12(b)(1) because the court lacks subject matter jurisdiction. That motion will be denied as moot to the extent that it seeks relief under Fed. R. Civ. P. 8(a), 12(b)(5), and 12(b)(6). The Complaint will also be dismissed with respect to EquiHome Mortgage for the same reasons. Additionally, Plaintiffs' motion to compel, ECF No. 32, will be denied as moot. A separate order will follow.

9/19/2016                                                                             /S/
Date                                                                    Paula Xinis
                                                                        United States District Judge