IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| ALLEN RANSOM, JR. and | | |
| BRENDA B. RANSOM, | * | |
| | | |
| Plaintiffs, | * | |
| | | |
| v. | * | Civil Action No. PX 15-1647 |
| | | |
| NATIONSTAR MORTGAGE LLC and | * | |
| EQUIHOME MORTGAGE CORP., | | |
| | * | |
| Defendants. | | |

\*\*\*\*\*\*

**SUPPLEMENTAL MEMORANDUM OPINION**

This case was before the Court after Defendant Nationstar had removed the matter from the Circuit Court for Charles County, Maryland based on diversity of citizenship under 28 U.S.C. § 1332. ECF No. 1. Nationstar then filed a motion to dismiss arguing, *inter alia*, that the case should be dismissed with prejudice under the *Rooker-Feldman* doctrine. *See* ECF No. 29-1. "The *Rooker–Feldman* doctrine is a jurisdictional rule providing that lower federal courts generally cannot review state court decisions." *Holliday Amusement Co. of Charleston v. State of S. Carolina*, 401 F.3d 534, 537 (4th Cir. 2005).

On September 20, 2016, the Court issued a Memorandum Opinion and Order granting Defendant Nationstar's motion to dismiss pursuant to 12(b)(1) of the Federal Rules of Civil Procedure because the Court lacked subject matter jurisdiction under the *Rooker–Feldman* doctrine. ECF Nos. 42 & 43. It denied Nationstar's motion as moot to the extent it sought relief under Fed. R. Civ. P. 8(a), 12(b)(5), and 12(b)(6). The Court also dismissed the Complaint with respect to EquiHome Mortgage for the same reasons. Additionally, Plaintiffs' motion to compel, ECF No. 32, was denied as moot.

On November 30, 2016, the Court issued a letter order informing the parties that because the Defendant had originally removed the case based on diversity of citizenship, the case should have been remanded to the Circuit Court of Charles County pursuant to 28 U.S.C. § 1447 for lack of subject matter jurisdiction rather than dismissed pursuant to Fed. R. Civ. P. 12(b)(1). ECF No. 44. The Court informed the parties that it intended to amend its September 20th Order on its own motion pursuant to Fed. R. Civ. P. 60(b) and remand the case to the Circuit Court for Charles County for further proceedings.  The Court provided the parties twenty-one (21) days from the issuance of the letter order to furnish the Court with their position on the Court's intended action.  The parties were further notified that the Court would construe silence as acceptance of the Court's anticipated action. Neither party responded.

Rule 60(b) of the Federal Rules of Civil Procedure confers on the Court authority to correct its own mistakes in certain circumstances. The Rule states in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . .

Although the language of Rule 60(b) speaks of granting relief "on motion," it is silent on whether the motion must be made by a party or whether the court can act *sua sponte*. While Rule 60(a) states that relief may be granted by the court "on motion or on its own," Rule 60(b) uses entirely unqualified language and states only "on motion."

The United States Court of Appeals for the Fourth Circuit is one of many jurisdictions to hold that Rule 60(b)'s "on motion" language does not necessarily "depriv[e] the court of the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion." *United States v. Jacobs*, 298 F.2d 469, 472 (4th Cir. 1961); *accord Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 351

(9th Cir. 1999); *McDowell v. Celbrezze*, 310 F.2d 43 (5th Cir. 1962); *Simer v. Rios*, 661 F.2d

655, 663 n.18 (7th Cir. 1981) (Rule 60(b) invests a district court with authority to vacate a

judgment *sua sponte*); *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 n.2 (2d Cir.

1977) (district courts may *sua sponte* cure errors pursuant to Rule 60(b)(6)). Thus, with notice to

the parties, the court may amend a prior order pursuant to Rule 60(b) *sua sponte* if justice

dictates. *See Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001) ("While

normally such relief is sought by motion of a party, see Fed. R. Civ. P. 60(b), nothing forbids the

court to grant such relief *sua sponte*."); *see also Patton v. Maryland*, No. AW-08-1820, 2013 WL

1209466, at *4 (D. Md. Mar. 22, 2013).

This case is appropriate for *sua sponte* relief from the prior court order. The Court had

initially dismissed Plaintiffs' action pursuant to Fed. R. Civ. P. 12(b)(1). 28 U.S.C. § 1447,

however, compels remand. Section 1447(c) states, "If at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded."

(emphasis added). The plain language of § 1447(c) gives "no discretion to dismiss rather than

remand an action" removed from state court over which the court lacks subject-matter

jurisdiction. *International Primate Protection League v. Administrators of Tulane Educational*

*Fund*, 500 U.S. 72, 89 (1991) (internal quotation marks omitted.). "Thus, mandatory language in

the federal removal statute gives no discretion to this court to dismiss." *Lowery v. Prince*

*George's Cty., Md.*, 960 F. Supp. 952, 957 (D. Md. 1997).

By dismissing the action, the Court deprived Plaintiffs of the opportunity to have the

proper court review the case on its merits. More importantly, the Plaintiffs here appeared *pro se*.

It is unlikely, therefore, that Plaintiffs would have recognized this procedural issue in time to file

a motion to remand, move to alter or vacate this Court's judgment pursuant to Fed. R. Civ. P. 59

or 60, or note an appeal. Accordingly, the interests of justice are best served by vacating the

Court's prior Order and remanding this case to the Circuit Court for Charles County for further

proceedings. A separate order will follow.


12/29/2016                                                          /S/
Date                                          Paula Xinis
                                              United States District Judge